UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTY JOHN KNIGHT,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 1:13-cv-00460-EJL<br>             1:09-cr-00081-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

This matter is before the Court on a motion by Dusty John Knight ("Knight") pursuant to 28 U.S.C. § 2255, or, alternatively, a writ of *coram nobis* pursuant to 28 U.S.C. § 1651(a), to vacate and enter a new sentence that does not include the USSG § 2K2.1(a) crime of violence enhancement entered in Case No. 1:09-cr-00081 following Knight's guilty plea. (Dkt. 1.)[1] The Government has filed a motion to dismiss Knight's petition (Dkt. 6) and Knight has responded (Dkt. 9). Having reviewed the record, including the record in the underlying criminal case, the Court will deny Knight's motion.

## PROCEDURAL BACKGROUND

On August 25, 2009, Knight entered a plea of guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and forfeiture of the firearm in violation of 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c). Knight's plea was pursuant

---

[1] Unless otherwise referenced, docket citations are to 1:13-cv-00460-EJL.

**MEMORANDUM DECISION AND ORDER - 1**

to a written Rule 11 plea agreement between Knight and the Government. (Dkt. 6-1.)

Knight's plea agreement contained the following waiver of appeal and 28 U.S.C. § 2255

rights:

> In exchange for the Government's concessions in this Plea Agreement, and except as provided in subparagraph B, the defendant waives to the full extent of the law any right to appeal or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or forfeiture order), or entry of sentence. This waiver includes appeals and collateral attacks based on any source whatever, including but not limited to:
>    1. 28 U.S.C. § 1291 (judgment and conviction);
>    2. 18 U.S.C. § 3553 and 3742(a), and 28 U.S.C. § 1291 (sentencing);
>    3. 28 U.S.C. §§ 2241-2255 (habeas corpus).
>
> The defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. Further, if the defendant files a notice of appeal or a habeas petition, notwithstanding this Agreement, the defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether the defendant is in breach of this Agreement, and, if so, to permit the Government to withdraw from the Plea Agreement.
>
> If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; otherwise the objections will be deemed waived.
>
> Notwithstanding [the above] the defendant shall retain the right to file one direct appeal under the following circumstances only:
>    1. the sentence imposed by the District Court exceeds the statutory maximum;
>    2. the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines;
>    3. the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory Sentencing Guidelines range as determined by the District Court.
>
> Notwithstanding [defendant's appeal waiver] the defendant shall retain the right to file one habeas petition (motion under 28 U.S.C. § 2255) only if the defendant believes that the defendant received ineffective assistance of counsel based solely on information not known to the defendant at the time the District Court imposed the sentence and which, in the exercise of reasonable diligence, could not have been known by the defendant at that time.

**MEMORANDUM DECISION AND ORDER - 2**

(Dkt. 6-1, pp. 12-13.)

During Knight's August 25, 2009 change of plea hearing, the Court specifically addressed the aforementioned waiver provision of the plea agreement, noting:

> You have agreed to waive any and all appealable rights, post-conviction writs or other defenses that you otherwise might have raised except for those that are specifically set forth in Part VII of this agreement. Those are the only exceptions. Are you aware of that?

(Dkt. 6-2, pp. 16-17.)

Knight replied:

Yes, sir. 2

(*Id.*)

Following the change of plea hearing, a Presentence Investigation Report ("PSR") was prepared. The Government filed an objection to the report on October 28, 2009, contesting the PSR's failure to increase the Defendant's base offense level, pursuant to USSG § 2K2.1(a)(2), because Knight had two felony convictions for the crime of burglary, one in Arizona and one in Idaho. (1:09-cr-00081, Dkt. 17.) Because he had two previous felony convictions for the violent crime of burglary, the Government argued Knight's base offense level should be adjusted from 14 to 24. (*Id.*, p. 12.) Knight responded, asserting that his Idaho conviction could not be considered a crime of violence under binding Ninth Circuit precedent because it did not require unlawful entry and was, therefore, missing an

---

2 Knight also agreed that he was entering his plea voluntarily and of his own free will, and because he was, in fact, guilty as charged, during the change of plea hearing. (*Id.*, p. 19.)

**MEMORANDUM DECISION AND ORDER - 3**

element of generic burglary.3  (1:09-cr-00081, Dkt. 18.)  As such, Knight suggested the Court could not rely upon the modified categorical approach to enhance Knight's sentence

---

3  USSG § 2K2.1(a)(2) provides that a defendant's base offense level should be increased to 24 if the defendant committed any part of the instant offense after sustaining at least two felony convictions for a "crime of violence."  To determine whether a past conviction is a "crime of violence," courts use a "categorical approach," which compares the statutory elements of a prior conviction with the elements of the "generic" crime, or the crime as it is commonly understood.  If the state statute's elements are the same as, or narrower than, those of the generic offense, the prior conviction qualifies as a violent crime.  If the state statute's elements are broader than the generic crime, the state conviction cannot constitute a conviction for the generic offense so as to be a "crime of violence" under the Sentencing Guidelines warranting an enhancement pursuant to the categorical approach.  *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013).  Idaho's burglary statute criminalizes both lawful and unlawful entries, and is thus broader than the generic crime of burglary, which requires that an entry be "unlawful or unprivileged." I.C. § 18-1401; *see also Descamps*, 133 S.Ct. at 2282 (burglary statutes generally require breaking and entering or similar conduct).

When a prior conviction is for violating a divisible statute, *i.e.*, one that sets out one or more of the elements in the alternative (such as burglary involving entry into a building *or* an automobile) a "modified categorical approach" is used.  This approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction.  *Id*.  Although Idaho's burglary statute is not divisible, the Government argued a modified categorical approach should be employed under Ninth Circuit precedent to sentence Knight.  (1:09-cr-00081, Dkt. 17, pp. 6-11.)  The Government argued the Ninth Circuit's en banc decision in *United States v. Rodriguez-Rodriguez*, 393 F.3d 849 (9th Cir. 2005) (*implied overruling recognized by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011)), which held the modified categorical approach could apply in a case where, as in Idaho, the applicable state burglary statute is broader than the generic definition of burglary, should apply, while Knight maintained the Ninth's Circuit's decision in *United States v. Aguila-Montes de Oca*, 553 F.3d 1229 (9th Cir. 2009) (*rehearing en banc in United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011)), which disallowed use of the modified categorical approach for California's non-divisible burglary statute, controlled.  The Court agreed with the Government and determined Knight's Idaho conviction constituted a crime of violence requiring a sentencing enhancement under USSG § 2K2.1(a)(2).

**MEMORANDUM DECISION AND ORDER - 4**

based on the Idaho conviction.4   (*Id*.)

The Court granted the Government's objections and assigned Knight a base offense level of 24.   The Court sentenced Knight to a term of 84 months on November 17, 2009. (1:09-cr-00081, Dkt. 24.)   Knight did not appeal the Court's sentence.   The one year statute of limitations period provided under 28 U.S.C. § 2255(f)(1) accordingly began to run fourteen days after the November 17, 2009 entry of judgment, when the conviction became final due to Knight's failure to file a direct appeal.   Knight did not file the instant motion until nearly four years later, on October 23, 2013.

The sole argument raised in Knight's motion is that this Court erred in calculating his advisory guideline range.   Knight claims the Court erred in increasing his offense level by four points as a result of finding that his Idaho burglary conviction qualified as a crime of violence under the modified categorical approach. In his motion, Knight suggests he is entitled to relief under 28 U.S.C. § 2255, or, in the alternative, under 28 U.S.C. § 1651(a) through a writ of error *coram nobis*, because the Supreme Court ruled, in June 2013, that sentencing courts may not apply the modified categorical approach when the prior crime of which the defendant was convicted has a single, indivisible set of elements.   *Descamps*,

---

4 Knight did not challenge the Court's consideration of the Arizona conviction as a crime of violence, and does not challenge consideration of the Arizona conviction here.   If the Court disregarded the Idaho conviction, but considered the Arizona conviction, Knight would have a base level of 20.   USSG § 2K2.1(a)(4).   Without the four-level recidivist enhancement for the Idaho conviction, Knight's pre-departure guideline range would have been 63-78 months, versus a pre-departure guideline range of 92-115 months with the enhancement.

133 S.Ct. at 2282. Because Idaho's statute is indivisible, but the modified categorical approach was nonetheless used to enhance his sentence, Knight suggests failing to enter a new sentence that does not include the USSG § 2K2.1(a) crime of violence enhancement for the Idaho conviction would constitute a miscarriage of justice. (Dkt. 9, pp. 3-4.)

## STANDARDS OF LAW

### 1. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the range of claims which may be raised in § 2255 motion are narrow. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle the individual to relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If the Court does not dismiss pursuant to Rule 4(b), the Court shall

order the Government to "file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

The Court may dismiss a § 2255 motion at other stage of the proceedings, such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the motion, it proceeds to a determination as to whether an evidentiary hearing is warranted. Although the burden is on the movant to establish entitlement to an evidentiary hearing, the burden is "fairly lenient" and a hearing is warranted "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Rodrigues*, 347 F.3d at 824. Stated another way, an evidentiary hearing is warranted if "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Conversely, no hearing is required if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.* (citations omitted).

2. **Coram Nobis**

Knight contends that, if the Court concludes he is not entitled to relief under § 2255, the Court should grant Knight relief under 28 U.S.C. § 1651(a), through a writ of error

*coram nobis*. The Supreme Court has held that a writ of error *coram nobis* is an "extraordinary remedy" available only when the challenged conviction is one that has been obtained as a result of errors "of the most fundamental character" that have "rendered the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n. 15 (1954). District courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a).

To obtain a writ of error *coram nobis*, a petitioner must show that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). Because these requirements are conjunctive, failure to meet any one of them is fatal. *Id*.

## DISCUSSION

Knight's claims are procedurally barred and as, such, an evidentiary hearing is not required. Specifically, Knight waived his right to appeal the sentence imposed by this Court in his plea agreement. Knight's motion is also untimely, as there is a one year limitation on the filing of a § 2255 motion, and Knight's motion was filed nearly four years after his sentence became final. Further, although *Descamps* was not decided until 2013, Knight cannot argue this decision extended his limitations period pursuant to § 2255(f)(3) because the *Descamps* Court did not make its decision retroactively applicable to cases on collateral review. Because procedural bars prevent the Court from reviewing the

**MEMORANDUM DECISION AND ORDER - 8**

substance of Knight's § 2255 motion, his motion must be dismissed. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (knowing and voluntary waiver of appellate rights precludes substantive review); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("the dismissal of a § 2255 petition as untimely…presents a 'permanent and incurable' bar to federal review of the merits" of the claims presented in the motion.).

### 1. Waiver

A waiver is enforceable if it is knowing and voluntary and the language of the waiver covers the grounds raised on appeal. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). The proper enforcement of appeal waivers serves "an important function in the judicial administrative process by 'preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) (quoting *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir. 1992)).

In his plea agreement, Knight specifically waived his right to file a § 2255 motion, except for a claim of ineffective assistance of counsel based upon information not known to him at the time of sentencing. (Dkt. 6-1, pp. 13-14.) Knight's plea agreement explicitly provided his appeal waiver included any appeals based on 28 U.S.C. § 2255. (*Id.*) Knight does not suggest that his waiver was unknowing or involuntary. Nor does he bring an ineffective assistance of counsel claim. In fact, Knight concedes in his reply brief that he waived his right to file a habeas petition under § 2255, stating "[w]hile Mr.

**MEMORANDUM DECISION AND ORDER - 9**

Knight may have waived his right to file a habeas petition under 28 U.S.C. § 2255, the Plea Agreement does not clearly exclude his right to file a writ of *coram nobis*." (Dkt. 9, p. 1.) Therefore, Knight's § 2255 motion must be denied based upon a valid appeal and collateral attack waiver.

Knight's appeal and collateral attack waiver also applies to his attempt to obtain a writ of error *coram nobis*. Knight's plea agreement provides, "the defendant waives to the full extent of the law any right to appeal or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or forfeiture order), or entry of sentence. This waiver includes appeals *and collateral attacks based on any source whatsoever*[.]" (Dkt. 6-1, p. 13) (emphasis added). Knight also confirmed, during his change of plea hearing, that he was aware he had agreed to waive "any and all appealable rights, *post-conviction writs* or other defenses that [he] otherwise might have raised except for those specifically set forth in Part VII of [his plea agreement]." (Dkt. 6-2, pp. 16-17) (emphasis added). As such, Knight waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 1651(a) under the clear terms of the plea agreement.

Knight argues plea agreements are interpreted "using the ordinary rules of contract interpretation," and that any ambiguities must be construed strictly against the drafter (the Government in this case). (Dkt. 9, pp. 2-3) (citing *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006)). Because the plea agreement does not specifically mention either 28 U.S.C. § 1651 or a writ of *coram nobis*, Knight suggests the plea agreement is ambiguous and, as such, he did not waive his right to seek a writ of *coram*

**MEMORANDUM DECISION AND ORDER - 10**

*nobis* by signing the plea. (*Id.*) However, a plea agreement is ambiguous if the drafter uses "vague words" which are "susceptible to two conflicting interpretations." *Anglin*, 215 F.3d at 1067 (citation omitted). In this case the plea agreement's waiver of the right to file a "collateral attack based on any source whatsoever" cannot be interpreted as authorizing the right to file a collateral attack based on 28 U.S.C. § 1651. See *Telink, Inc., v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) ("a petition for writ of error *coram nobis* is a collateral attack on a criminal conviction[.]"). As his plea agreement unambiguously waived Knight's right to bring any collateral attack, based on any source whatsoever, Knight specifically waived his right to seek a writ of *coram nobis* by signing the plea.

### 2. Statute of Limitations

Even if the plea agreement did not specifically waive Knight's ability to seek relief pursuant to § 2255, his claim is untimely. Motions filed pursuant to 28 U.S.C. § 2255 must generally be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2251(f)(1). Because Knight did not file an appeal, his conviction became final, and the one-year period within which to file a motion under § 2255 began to run, fourteen days after Knight was sentenced on November 16, 2009. Fed. R. App. Proc. 4(b)(1)(A)(i). Knight thus had until approximately December 1, 2010 to bring a motion pursuant to § 2255. However, Knight did not file the present motion until October 23, 2013, nearly four years after the imposition of his sentence, and nearly three years after the statute of limitations expired. Knight's petition is accordingly untimely and must be dismissed.

**MEMORANDUM DECISION AND ORDER - 11**

### 3. *Descamps* Decision

Knight's motion for relief is premised upon the Supreme Court's ruling in *Descamps v. United States*, 133 S.Ct. 2276 (2013). (Dkt. 1, p. 2.) As mentioned, this Court used what has been deemed a "modified categorical approach" when sentencing Knight. *See supra* text accompanying notes 3, 4. Use of this approach led to the Court's finding that Knight had two previous convictions for crimes of violence, and resulted in the four level sentencing enhancement for Knight's Idaho conviction that Knight challenges here. However, in *Descamps*, the Supreme Court held that where, as is the case in Idaho, the statute governing the prior offense is not one containing alternative (*i.e.*, "indivisible" elements), the sentencing court must restrict its examination to the "categorical approach" and consider only the governing statute to determine if the offense constituted a crime of violence. *Id*. at 2281-82. Stated another way, the *Descamps* Court denounced the method this Court used to determine Knight's Idaho burglary conviction constituted a previous crime of violence. As such, *Descamps* may entitle Knight to relief pursuant to § 2255.5 Unfortunately for Knight, however, the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review.

---

5 Of course, Knight's plea waiver would still present a barrier to a successful § 2255 motion, even if the Supreme Court had declared its decision in *Descamps* was to apply retroactively. Both the Ninth Circuit and the Supreme Court have held a favorable change in the law "does not entitle a defendant to renege on a knowing and voluntary plea." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005); *see also Brady v. United States*, 397 U.S. 742, 757 (1970) ("a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

**MEMORANDUM DECISION AND ORDER - 12**

Pursuant to § 2255(f)(3), a movant may avoid the one-year limitations period of 2255(f)(1) if the movant asserts a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" within one year of "the date on which the right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2255(f)(3). Although Knight brought the instant motion within one year of the Supreme Court's decision in *Descamps*, he does not argue that the Supreme Court has declared its decision in *Descamps* to be retroactively applicable on collateral review. Moreover, nowhere in the *Descamps* opinion did the Supreme Court indicate that the decision should be applied retroactively. Further, the circuit courts which have addressed this question have held that *Descamps* should not be considered retroactive. *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *Wilson v. Warden*, *FCC Coleman*, 2014 WL 4345685, at *3 (11th Cir. 2014) (per curium)("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review…and has not since applied it to a case on collateral review."); *Whittaker v. Chandler*, 2014 WL 2940449, at *1 (5th Cir. 2014) (per curium); *United States v. Tenderholt*, 587 Fed.Appx. 505 (10th Cir. 2014) (rejecting movant's untimely § 2255 motion based on the holding in *Descamps*, noting "[t]he purpose of *Descamps* was not to make new law but to correct the Ninth Circuit's misunderstanding of prior opinions.").6   Thus, even if Knight had not waived his right to

---

6 Many district courts have also held that *Descamps* is not retroactive. *See, e.g., Greer v. Wilson*, 2015 WL 179387, at *5 (D.Minn. 2015) ("This Court joins with numerous

§ 2255 relief, his claim is time-barred despite the Supreme Court's decision in *Descamps*.

### 4. Custody requirement of *coram nobis*

Unlike § 2255 motions, a statute of limitations does not apply to *coram nobis* relief. *Telink, Inc.*, 24 F.3d at 45. However, because *coram nobis* relief is limited to those circumstances in which no statutory remedy is adequate or available, individuals who are "in custody" pursuant to a federal conviction and sentence are barred from seeking a writ of error *coram nobis*. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). This is because relief is available, via § 2255 or § 2241, to individuals in custody. *Id.*; *see also United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("As courts have explained, a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of *coram nobis*.").

Relief is considered "available" even where, as here, a § 2255 motion is time-barred. *Matus-Leva*, 287 F.3d at 760. As the Ninth Circuit has explained:

---

other courts in concluding that *Descamps* does not apply retroactively."); *Reed v. United States*, 2013 WL 5567703, at *3 (M.D.Fla. 2013) (stating that the Supreme Court has not declared that its decision in *Descamps* is to be given retroactive effect); *Roscoe v. United States*, 2013 WL 5636686, at *11 (N.D.Ala. 2013) (stating, "[t]he Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here."); *Strickland v. English*, 2013 WL 4502302, at *8 (N.D.Fla. 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review."); *United States v. Glover*, 2013 WL 4097915, at *3 (N.D.Okla. 2013) (rejecting movant's claim in § 2255 proceeding that *Descamps* announced a new rule of law that was made applicable to cases on collateral review).

**MEMORANDUM DECISION AND ORDER - 14**

> A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's7 gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.

*Id*.

Because he is in custody, a writ of error *coram nobis* is unavailable to Knight. *Id*.; *see also United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) (where defendant was still in custody, *coram nobis* was not available).8

### 5. Miscarriage of Justice

Finally, Knight suggests he is entitled to relief because he would have been better off if his defense counsel had failed to contest the "crime of violence" designation. That is, Knight could have potentially brought an ineffective assistance of counsel claim under § 2255 if his attorney had failed to object to the violent crime enhancement, as Knight did not waive the right to bring an ineffective assistance of counsel claim in his plea agreement. (Dkt. 9, pp. 3-4.) Knight suggests enforcement of the purportedly ambiguous waiver of *coram nobis* relief under these unique circumstances would

---

7 AEDPA refers to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244, which altered § 2255 proceedings by, *inter alia*, imposing a one-year statute of limitations for filing such motions. 28 U.S.C. § 2244(d)(1).

8 Knight argues that, if the Court denies § 2255 relief, he will, like the petitioner in *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012), meet all four requirements for *coram nobis* relief. (Dkt. 1, p. 8.) Unlike the petitioner in *Akinsade*, however, Knight is still in custody. The *Akinsade* Court specifically noted that petitioner met the first of the *coram nobis* criteria because he was no longer in custody, and thus could not seek relief under typical remedies for direct or collateral attack of a federal judgment and sentence. *Id*.

constitute a manifest injustice. (*Id.*, p. 4.) This argument ignores the fact that *coram nobis* relief is unavailable to Knight, even if the Court had not found Knight unambiguously waived such relief in his plea agreement, because Knight is still in custody. *Matus-Leva*, 287 F.3d at 761.

In sum, Knight waived his right to file a post-conviction writ to collaterally attack his sentence. This waiver was entered knowingly and voluntarily, and applies to both a petition under § 2255 or a writ of error *coram nobis*. Further, even if Knight had not waived such right, his motion is untimely pursuant to 28 U.S.C. § 2255(f). The *Descamps* decision does not change the finding that Knight's application is time barred, as the Supreme Court has not made *Descamps* retroactive. Finally, even if he had not waived such right in his plea agreement, Knight is still ineligible for *coram nobis* relief because he is in custody.

## ORDER

**IT IS ORDERED THAT**:

1. Knight's Motion to Vacate Sentence pursuant to § 2255, or, in the alternative, request for a writ of error *coram nobis* (Dkt. 1) is **DENIED**.

2. The Government's Motion to Dismiss Knight's Petition (Dkt. 6) is **GRANTED**.

DATED: February 19, 2015

_____
Edward J. Lodge
United States District Judge

**MEMORANDUM DECISION AND ORDER - 17**